IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40509
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELANIE LEBLANC,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-195-1
---------------------
October 15, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Melanie LeBlanc has appealed her conviction and sentence for mail fraud. For reasons discussed below, the district court's judgment is affirmed and the appeal is dismissed in part. LeBlanc's motion to expedite the appeal is denied as moot.

LeBlanc's base-offense level was raised by eight levels, pursuant to U.S.S.G. § 2F1.1(b)(1)(I) (2000), because the total intended loss was $278,226.92. This sum included as relevant conduct $138,800 related to a mortgage loan obtained fraudulently

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from Ameriquest Mortgage Company.  LeBlanc contends that the loss should have been reduced to reflect the value of the collateral securing the Ameriquest loan.  Because LeBlanc made no showing that she intended to repay the Ameriquest loan, the district court did not err by calculating LeBlanc's sentence on the basis of the intended loss.  See United States v. Henderson, 19 F.3d 917, 928 (5th Cir. 1994); United States v. Tedder, 81 F.3d 549, 551 (5th Cir. 1996).  Because LeBlanc did not offer competent evidence undermining the factual findings in the presentence report regarding the amount of the intended loss, the district court did not clearly err by adopting those findings.  See United Stats v. Morrow, 177 F.3d 272, 300-01 (5th Cir. 1999).

LeBlanc contends that the district court erred by refusing to depart downward from the guideline imprisonment range because she made substantial restitution prior to the sentencing hearing. Because the district court's ruling was premised on its conclusion that a departure was not warranted, this issue is not reviewable and this portion of the appeal must be dismissed. See United States v. Wilson, 249 F.3d 366, 380 (5th Cir. 2001).

Citing FED. R. CRIM. P. 11(e)(1)(C), LeBlanc argues that the district court should have given her an opportunity to withdraw her guilty plea after rejecting paragraph 5 of the plea agreement, pursuant to which the Government agreed to recommend that LeBlanc be placed on probation and that the court consider a term of home detention.  We review this issue for plain error.

See <u>United States v. Rhodes</u>, 253 F.3d 800, 804 (5th Cir. 2001). Because there is no reason to believe that the parties intended that the district court would be bound by the Government's recommendation, there was no error, plain or otherwise, in failing to give LeBlanc an opportunity to withdraw her guilty plea. <u>See</u> <u>id.</u> at 805.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART; MOTION DENIED AS MOOT.